IN THE UNITED STATES DISTRICT COURT FILED
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| ANGELINO HERNANDEZ,<br>    4939 Beauregard Street, #T3<br>    Alexandria, VA 22306,<br><br>        PLAINTIFF,<br><br>v.<br><br>BANH MI BAR, LLC,<br>    T/A CAPHE BANH MI<br>    407 Cameron Street,<br>    Alexandria, VA 22314<br><br>    Serve Registered Agent:<br>        Randall W. Phillips,<br>        216 South Fairfax Street,<br>        Alexandria, VA 22314,<br><br>and<br><br>MIMI HUYNH,<br>    6160 Wilson Boulevard,<br>    Arlington, VA 22205,<br><br>and<br><br>RANDALL PHILLIPS,<br>    216 South Fairfax Street,<br>    Alexandria, VA 22314,<br><br>and<br><br>SKYE BUI,<br>    407 Cameron Street,<br>    Alexandria, VA 22314,<br><br>        DEFENDANTS. | 2013 SEP -4  A 11: 20<br>CLERK US DISTRICT COURT<br>ALEXANDRIA, VIRGINIA<br><br><br>CIVIL ACTION NO. 1:13-cv-1101<br>AJT/JFA |

## COMPLAINT

COMES NOW, Angelino Hernandez ("Plaintiff"), by and through counsel, and files this Complaint against Banh Mi Bar LLC, t/a Caphe Banh Mi ("Banh Mi"), Mimi Huynh ("Huynh"), Randall Phillips ("Phillips"), and Skye Bui ("Bui") (collectively "Defendants") on the following grounds:

## NATURE OF ACTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for Defendants' failure to pay minimum wage and overtime compensation for hours worked by Plaintiff.

2. Defendants engaged in actual and constructive fraud in the scheme of representing to Plaintiff that he would be paid for his work but denying compensation after he performed the work.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 because this action arises under the FLSA.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all Defendants reside, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred, in this district.

## PARTIES

5. Plaintiff Angelino Hernandez is a natural person residing at 4939 Beauregard Street, Apartment T3, Alexandria, Virginia 22306. He was Defendants' employee from March 27, 2012 through November 4, 2011. Plaintiff has not been paid wages and overtime for hours worked.

6. Defendant Banh Mi is a limited liability company registered in the Commonwealth of Virginia, with its principal place of business in Alexandria, Virginia. The company operates as a restaurant at which Plaintiff was employed.

7. Defendant Huynh is a natural person who owns, operates, and manages Defendant Banh Mi and resides at 6160 Wilson Boulevard, Arlington, Virginia 22205. Defendant Huynh has regularly conducted business activity in Alexandria, Virginia.

8. Defendant Phillips is a natural person who owns, operates, and manages Defendant Banh Mi, and resides at 216 South Fairfax Street, Alexandria, Virginia 22314. Defendant Phillips has regularly conducted business activity in Alexandria, Virginia.

9. Defendant Bui is a natural person who owns, operates and manages Defendant Banh Mi, and who regularly conducted business activity in Alexandria, Virginia.

## FACTS

10. At all times alleged herein, Plaintiff has never been indebted to Defendants.

11. At all times alleged herein, Defendant Banh Mi was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce whose annual gross volume of sales or business done was not less than $500,000.

12. At all times alleged herein, all Defendants were an enterprise engaged in interstate commerce or the production of goods for interstate commerce.

13. Defendants engaged in interstate commerce by:

    a. Corresponding with individuals in other states via telephone;

    b. Sending and receiving mail to and from individuals in other states;

    c. Transacting business in interstate commerce; and

    d. Employing goods manufactured and distributed in other states.

14. Defendant Huynh owned and had operational control of Defendant Banh Mi, including the work performed, environment, and conditions of employment and managerial decisions such as hiring, firing, compensating, supervising, creating schedules, maintaining time and other employment records, determining the rate and method of compensation, and contracting to provide services on behalf of Defendant Banh Mi.

15. Defendant Huynh signs checks on behalf of Defendant Banh Mi, including paychecks issued to Plaintiff.

16. For the purposes of the FLSA, Defendants jointly employed Plaintiff and Defendants Huynh, Phillips, and Bui were persons acting directly in the interest of Defendant Banh Mi.

17. On or about May 13, 2012, Defendants hired Plaintiff as a dishwashwer and represented that he would be paid an hourly wage of $8.00.

18. On or about August 15, 2012, Defendants raised Plaintiff's hourly wage to $9.00 per hour.

19. On or about September 15, 2012, Defendants raised Plaintiff's hourly wage to $10.00 per hour.

20. Plaintiff performed his duties in accordance with Defendants' requirements.

21. From May 2012 through October 2012, Plaintiff frequently worked more than 40 hours a week. Plaintiff regularly recorded his hours worked by clocking in and out at Defendants' register.

22. Defendants knew that Plaintiff worked overtime throughout his tenure at their establishment but did not pay Plaintiff one and one-half times his purported rate of pay for any overtime hours worked.

23. Defendants have willfully violated the FLSA by failing to pay Plaintiff overtime. Based on partial time records, the unpaid overtime hours for this period are approximated below:

| Pay Period Beginning | Unpaid Overtime Hours Worked |
|---|---|
| May 13, 2012 | 0.00 |
| May 20, 2012 | 19.80 |
| May 27, 2012 | 9.15 |
| June 3, 2012 | 18.40 |
| June 10, 2012 | 20.00 |
| June 17, 2012 | 58.90 |
| June 24, 2012 | 22.75 |
| July 1, 2012 | 10.10 |
| July 8, 2012 | 0.20 |
| July 15, 2012 | 2.60 |
| July 22, 2012 | 19.00 |
| July 28, 2012 | 11.10 |
| August 5, 2012 | 21.40 |
| August 12, 2012 | 0.00 |
| August 19, 2012 | 0.00 |
| August 26, 2012 | 26.95 |

| Pay Period Beginning | Unpaid Overtime Hours Worked |
|---|---|
| September 2, 2012 | 15.7 |
| September 9, 2012 | 29.85 |
| September 16, 2012 | 4.05 |
| September 23, 2012 | 30.55 |
| September 30, 2012 | 22.45 |
| October 7, 2012 | 26.95 |
| October 14, 2012 | 23.65 |
| October 21, 2012 | 31.6 |
| October 28, 2012 | 0.00 |

24.     Upon information and belief, Defendants failed to inform Plaintiff of his rights under the FLSA and post a notice informing employees of those rights, as required by the Department of Labor.

25.     Plaintiff has suffered emotionally and financially by being unable to pay monthly bills and being forced to deal with the stress of not being paid regularly.

## **CLAIMS FOR RELIEF**

### COUNT I
*Violation of the Fair Labor Standards Act*
*Minimum Wage Requirements*

26. The preceding paragraphs are re-alleged herein.

27. Defendants failed to pay Plaintiff minimum wage for approximately 385.15 hours that Defendants required or allowed Plaintiff to work.

28. Defendants had actual or constructive knowledge of the hours Plaintiff worked and their failure to compensate him therefor.

29. Defendants are in continuous violation of the FLSA by failing to compensate Plaintiff for the hours worked as required under § 206(a)(1).

30. For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages. Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid minimum wage for approximately 385.15 hours worked and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

31. Plaintiff is due an amount of $15,000.00 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

32. Plaintiff is due an amount of $15,000.00 for liquidated damages.

33. Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $30,000.00.

34. Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT II
### *Violation of the Fair Labor Standards Act*
### *Overtime Compensation Requirements*

35. The preceding paragraphs are re-alleged herein.

36. Defendants had actual or constructive knowledge of the overtime hours Plaintiff worked.

37. Defendants failed to compensate Plaintiff for overtime hours that Defendants regularly and willfully required or allowed Plaintiff to work.

38. Defendants willfully violated the FLSA by failing to pay Plaintiff one and one-half times his regular rate of pay for each workweek in which Plaintiff worked more than 40 hours.

39. For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages. Under 29 U.S.C. § 216(b), Plaintiff is entitled to unpaid overtime compensation and additional equal amount as liquidated damages, attorneys' fees and expenses and costs.

40. Plaintiff is due an amount of $15,000.00 for unpaid wages in addition to other actual damages arising from Defendants' failure to pay Plaintiff.

41. Plaintiff is due an amount of $15,000.00 for liquidated damages.

42. Plaintiff is due a combined amount, including unpaid wages and liquidated damages, of $30,000.00

43. Plaintiff is due attorneys' fees.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff unpaid wages, liquidated damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT III
### *Actual Fraud*

44. The preceding paragraphs are re-alleged herein.

45. Defendants committed actual fraud under Virginia law in their scheme of refusing to pay Plaintiff for hours worked:

    a. At the time of Plaintiff's hiring on or about May 13, 2012, Defendants intentionally and knowingly falsely represented that they would pay Plaintiff for hours worked with the intention to mislead Plaintiff into working for them based on the misrepresentation;

    b. Plaintiff worked for Defendants in reliance on the misrepresentation; and

    c. Plaintiff's reliance on the misrepresentation damaged Plaintiff by his expending time, energy and effort to supply Defendants employee services.

46. Plaintiff was damaged by not receiving payment for his time and work.

47. For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

## COUNT IV
### *Constructive Fraud*

48. The preceding paragraphs are re-alleged herein.

49. Defendants committed constructive fraud under Virginia law in their scheme of refusing to pay Plaintiff for hours worked:

      a.     At the time of Plaintiff's hiring on or about May 13, 2012, Defendants innocently or negligently falsely represented that they would pay Plaintiff for hours worked with the intention to mislead Plaintiff into working for them based on the misrepresentation;

      b.     Plaintiff worked for Defendants in reliance on the misrepresentation; and

      c.     Plaintiff's reliance on the misrepresentation damaged Plaintiff by his expending time, energy and effort to supply Defendants employee services.

50.    Plaintiff was damaged by not receiving payment for his time and work.

51.    For the foregoing reasons, Plaintiff has suffered substantial emotional and financial damages.

WHEREFORE, Plaintiff requests this Court issue judgment against Defendants jointly and severally and award Plaintiff compensatory and punitive damages, attorneys' fees, costs and such other relief this Court deems just and proper, all amounts to be determined at trial.

Respectfully submitted,
ANGELINO HERNANDEZ
By counsel

FIRSTPOINT LAW GROUP, P.C.

*/s/ MRalls*
_____
Katherine Martell, VSB 77027
Meredith M. Ralls, VSB 82548
10615 Judicial Drive, Suite 101
Fairfax, VA 22030
Phone  (703) 385-6868
Fax     (703) 385-7009
kmartell@firstpointlaw.com
mralls@firstpointlaw.com
*Counsel for Plaintiff*

## CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I, Angelino Hernandez, authorize FirstPoint Law Group, P.C. to sue Banh Mi Bar LLC, Mimi Huynh, Randall Phillips, and Skye Bui under the Fair Labor Standards Act to recover unpaid wages, overtime, and other compensation, including liquidated damages, interests, costs and attorneys' fees. I ask that attorneys' fees and costs be awarded to FirstPoint Law Group, P.C. I authorize my counsel to compromise and settle any claim or take other appropriate actions in this lawsuit.

_Angelino Hernandez_
Angelino Hernandez
4939 Beauregard Street, #T3
Alexandria, VA 22306

_8/10/13_
Date